IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DORIAN D. BAILEY,

      Petitioner,                                  No. CIV S-10-0084 JAM CKD P

    vs.

GREG LEWIS[1],

      Respondent.                                 ORDER

_____/

         Petitioner, a state prisoner represented by counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he alleges that the trial court's imposition of upper term sentences for various sex offense convictions violated his Sixth Amendment right to a jury trial. (Dkt. No. 1 (hereinafter "Ptn." at 4, 10-11[2]). The petition also raises due process issues with respect to petitioner's claimed mental health problems before and during trial. (Id. at 4, 7-8.) At issue is respondent's September 13, 2010 motion to dismiss, arguing that petitioner's federal habeas application is time-barred under the Antiterrorism and Effective Death Penalty

---

[1] Greg Lewis, the warden at petitioner's current place of incarceration, is hereby substituted as the respondent in this action. See Fed. R. Civ. P. 25(d); Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

[2] Citations refer to page numbers assigned by CM/ECF.

1

Act of 1996 ("AEDPA").  Petitioner has filed an opposition to the motion, and respondent has filed a reply.

**BACKGROUND**

In 2004, a jury convicted petitioner of thirteen counts charging various sex offenses and one count of first degree robbery.  The jury also found charged enhancements to be true.  On July 9, 2004, the Sacramento County Superior Court imposed an aggregate unstayed sentence of two consecutive terms of 25 years to life plus 54 years.  (Lod. Doc. 1; Lod. Doc. 2 at 1-2.)

On May 26, 2006, the California Court of Appeal, Third Appellate District, affirmed the judgment.  (Lod. Doc. 2.)  Petitioner sought review in the California Supreme Court (Lod. Doc. 3), which was denied on August 16, 2006 "without prejudice to any relief to which defendant might be entitled after the United States Supreme Court determines in Cunningham v. California, No. 06-6551, the effect of Blakely v. Washington (2004) 542 U.S. 296 and United States v. Booker (2005) 543 U.S. 220, on California law."  (Lod. Doc. 4.)  On November 3, 2006, Petitioner filed a petition for writ of certiorari in the United States Supreme Court, which was granted on February 20, 2007.  The Supreme Court vacated the judgment and remanded for further consideration in light of Cunningham v. California, 549 U.S. 270 (2007).  (Lod. Doc. 5.)  On August 15, 2007, the California Court of Appeal, Third Appellate District, affirmed petitioner's sentence on remand.  (Lod. Doc. 6, Ex. A.)  On September 26, 2007, petitioner filed a second petition for review in the California Supreme Court, which was summarily denied on October 31, 2007.  (Lod. Docs. 6, 7.)

Petitioner subsequently filed one state post-conviction collateral challenge.  On January 29, 2009, he filed an application for writ of habeas corpus in the Sacramento County Superior Court.  (Lod. Doc. 8.)  On March 6, 2009, the superior court denied the petition, citing In re Robbins, 18 Cal. 4th 770, 811-812 (1998); and In re Clark, 5 Cal. 4th 750, 774-75 (1993).  (Lod. Doc. 9.)

Petitioner filed the instant action on January 11, 2010. (Dkt. No. 1.) Under the mailbox rule, a prisoner's pro se habeas petition is "deemed filed when he hands it over to prison authorities for mailing to the relevant court." Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001); Houston v. Lack, 487 U.S. 266, 276 (1988). The mailbox rule applies to federal and state petitions alike. Campbell v. Henry, 614 F.3d 1056, 1058–59 (9th Cir. 2010). It has been held that the date the petition is signed may be inferred to be the earliest possible date an inmate could have submitted his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003), overruled on other grounds, Pace v. DiGuglielmo, 544 U.S. 408 (2005). Here, petitioner signed the petition on November 16, 2009, nearly two months before the petition was docketed. (Ptn. at 6.) While it is not clear that petitioner handed the petition over to prison authorities on this date – or, if so, why the petition was not actually filed until mid-January 2010 – the court will deem the petition constructively filed on November 16, 2009.

## MOTION TO DISMISS

Respondent moves to dismiss the pending habeas petition, arguing that it is time-barred under AEDPA. Specifically, respondent argues that petitioner's judgment of conviction became final on January 29, 2008, and petitioner had one year thereafter in which to file a federal habeas petition challenging that decision. (Dkt. No. 20 (hereinafter "MTD") at 3-4.)

Respondent acknowledges that the proper filing of a state post-conviction application presenting the pertinent claims tolls the statute of limitations period. 28 U.S.C. § 2244(d)(2). However, respondent contends that petitioner did not properly file any state collateral actions within the limitations period. As to plaintiff's state habeas petition filed in the Sacramento County Superior Court on January 29, 2009, respondent contends that, because the superior court found the petition untimely, it was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) and therefore did not toll the federal limitations period. Respondent further contends that, even if the limitations period was tolled during the pendency of petitioner's state

habeas petition, the instant action nonetheless was filed several months after the limitations period expired.

In opposition to the motion to dismiss, petitioner does not dispute respondent's statutory tolling analysis, but argues that the limitations period should have been equitably tolled due to petitioner's lifelong mental illness and the "strong medications" he was taking during the relevant time period. Petitioner claims, through counsel, that these conditions rendered him mentally unable to prepare his federal habeas petition or to timely assist in its preparation and filing. (Dkt. No. 27 (hereinafter "Opp.") at 5-6.) Petitioner also asserts that "problems with slow prison mail" and petitioner's transfers between prisons and to a hospital, respectively, interfered with his ability to send and receive mail during the relevant period. (Id. at 5.)

In reply, respondent asserts that petitioner's "mental health records during his incarceration do not reflect a mental disorder of a severity that would prevent him from filing a timely federal petition." (Dkt. No. 36 (hereinafter "Reply") at 4.) Respondent also asserts that petitioner was not so diligent in pursuing his federal claims as to warrant equitable tolling of the AEDPA limitations period. (Id. at 5-6.)

## STATUTE OF LIMITATIONS UNDER THE AEDPA

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are applicable. See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003). The AEDPA imposed a one-year statute of limitations on the filing of federal habeas petitions. Title 28 U.S.C. § 2244 provides as follows:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA statute of limitations is tolled during the time a properly filed application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a decision becomes final and the date on which the petitioner files his first state collateral challenge. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once state collateral proceedings are commenced, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable." See Evans v. Chavis, 546 U.S. 189, 192 (2006); Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

In reviewing habeas petitions from California, the Ninth Circuit formerly employed a rule that where California courts did not explicitly dismiss a habeas petition for lack of timeliness, the petition was presumed timely. The Supreme Court rejected this approach and now requires the lower federal courts to determine whether a state habeas petition was filed within what California would consider a reasonable period of time. Chavis, 546 U.S. 189. When a state post-conviction petition is determined to be untimely by a state court, that is the end of the matter for purposes of § 2244(d)(2). Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005)

5

1    (citing Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005)).  See also Carey, 536 U.S. at 226.

## ANALYSIS

I. Commencement of the Running of the Limitation Period

In the present case, no circumstances appear to warrant the application of § 2244(d)(1)(B) through (D). Thus, the court will determine the date on which the judgment became final within the meaning of § 2244(d)(1)(A).

Under § 2244(d)(1)(A), the "judgment" refers to the sentence imposed on the petitioner. Burton v. Stewart, 549 U.S. 147, 156-157 (2007). The last sentence was imposed on petitioner on July 9, 2004. (Lod. Doc. 1.)

Under § 2244(d)(1)(A), a judgment becomes final either upon the conclusion of direct review or the expiration of the time for seeking such review in the highest court from which review could be sought. Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). The statute commences to run pursuant to § 2244(d)(1)(A) upon either 1) the conclusion of all direct criminal appeals in the state court system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or 2) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state court system followed by the expiration of the time permitted for filing a petition for writ of certiorari. Wixom, 264 F.3d at 897 (quoting Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir.1998), cert. denied, 525 U.S. 1187 (1999)).

Here, petitioner's direct review concluded when his second petition for review was denied by the California Supreme Court on October 31, 2007. (Lod. Doc. 7.) The time for seeking further review expired ninety days later, when the period in which petitioner could petition for a writ of certiorari from the United States Supreme Court expired. Supreme Court Rule 13; Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999). The ninety-day period began on November 1, 2007 and concluded on January 28, 2008.

\\\\

Thus, the limitation period began to run on January 30, 2008 and concluded one year later on January 29, 2009.  28 U.S.C. § 2244(d)(1); Fed.R.Civ.P. 6(a).  Because the petition in the instant case was not constructively filed until November 16, 2009, absent tolling the petition is time-barred.

II. Statutory Tolling

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2).

State time limits are conditions to filing which render a petition not properly filed. Pace, supra, 544 U.S. at 417.  When a state court rejects a petition for post-conviction relief as untimely, the petition is not a "properly filed" application for post-conviction or collateral review within the meaning of § 2244(d)(2), and thus it does not toll the running of the limitation period. Id.

Here, petitioner filed one state post-conviction collateral challenge.  On January 29, 2009, he filed an application for writ of habeas corpus in the Sacramento County Superior Court.  (Lod. Doc. 8.)  On March 6, 2009, the superior court denied the petition, citing In re Robbins, 18 Cal. 4th 770, 811-812 (1998); and In re Clark, 5 Cal.4th 750, 774-75 (1993).  (Lod. Doc. 9.)  The superior court's citation to Robbins and Clark was a clear ruling that the petition was untimely.  See Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007) ("[T]he California Supreme Court's citation to Robbins was a clear ruling that Thorson's petition was untimely.") Thus, the state habeas petition was not "properly filed" so as to toll the running of the limitations period.

In sum, petitioner constructively filed the instant petition more than nine months after the AEDPA limitations period expired, unmitigated by statutory tolling.  Petitioner does not dispute this, but argues that the petition is nonetheless timely due to equitable tolling.

III. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, supra, 544 U.S. at 418; see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir.1998), citing Alvarez–Machain v. United States, 107 F.3d 696, 701 (9th Cir.1996), cert denied, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

Mental illness can, in certain circumstances, rise to the level of an "extraordinary circumstance" beyond a petitioner's control that warrants equitable tolling. Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003). However, the circumstances must be exceptional. See Rhodes v. Senkowski, 82 F. Supp. 2d 160, 168–70, 173 (S.D.N.Y. 2000); also U.S. v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("As a general matter, the federal courts will apply equitable tolling because of petitioner's mental condition only in cases of profound mental incapacity"). In addition, petitioner must show that the alleged mental incompetence "in fact" caused him to fail to file a timely habeas petition. Laws, 351 F.3d at 923.

Recently, in Bills v. Clark, 628 F.3d 1092 (9th Cir. 2010), the Ninth Circuit had occasion to consider when a petitioner's mental condition may constitute an extraordinary circumstance justifying equitable tolling of the untimely filing of a habeas petition. In Bills, the Ninth Circuit set forth a two-part test to determine a petitioner's eligibility for equitable tolling due to mental impairment:

> (1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control, see [Holland v. Florida, 560 U.S. ——, 130 S.Ct. 2549, 2562 (2010)], by demonstrating the impairment was so severe that either
>
> (a) petitioner was unable rationally or factually to personally understand the need to timely file, or

8

      (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.

    (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance. See id.

Bills, 628 F.3d at 1099–1100.

    Here, the relevant period is between January 30, 2008, when the one-year limitations period began, and November 16, 2009, when the instant petition was constructively filed. While the court has reviewed materials submitted by petitioner that concern petitioner's mental condition prior to this period, and acknowledges that petitioner indeed appears to have a "lifelong history of psychiatric disorders and mental illness" (Opp. at 1), the question is whether petitioner's mental condition rendered him incapable of filing a federal habeas petition in the 2008-2009 timeframe. See Laws v. Lamarque, 351 F.3d 919, 932 (9th Cir. 2009) ("After a hearing, Laws was adjudicated competent to stand trial in 1993, notwithstanding evidence of serious mental illness. But that determination has little bearing on his competence *vel non* during the period 1996-2000" – i.e., "the years when his petitions should have been filed.") Similarly, various records submitted by respondent shed light on petitioner's condition in 2010, but are of limited use in assessing petitioner's mental state during the relevant period.

    As to 2008, petitioner's mother J. Y'Vonne Heriveaux has submitted a declaration stating that, because petitioner "was mentally unable to prepare his federal habeas corpus petition himself," she "did most of the work on it" and sent it to petitioner in prison in December 2008, "asking him to review, sign and mail it to the court." (Dkt. No. 27-1.) Petitioner has submitted no medical or psychiatric records from 2008, and Ms. Heriveaux's declaration does not supply any details as to his mental state or ability to function during that time. (Id.)

    Nor has petitioner submitted any medical or psychiatric records from 2009. Respondent, in reply, has submitted numerous documents from plaintiff's central file, including

records suggesting that, in 2009, petitioner's condition may have satisfied the first prong of the Bills test for equitable tolling. Many records attest to petitioner's diagnosis of schizophrenia. (E.g., Dkt. No. 36-1 at 43-44.) Records further indicate that, in 2009, petitioner experienced audio and visual hallucinations (Dkt. No. 36-1 at 43; Dkt. No. 36-2 at 33, 34); was "chronically suicidal" and "unable to function" (Dkt. No. 36-1at 44); and showed "[p]oor compliance with treatment or medication" (Dkt. No. 36-2 at 1). March 2009 mental health records state that petitioner "presented as psychotic - reported [audio and visual] hallucinations, thought process was loose at times, and memory was poor for dates." His "fund of information, intellectual functioning, concentration, attention [and] memory [were] all . . . compromised"; however he "appears manageable on meds." (Dkt. No. 36-2 at 34, 39.) A June 2009 report states that petitioner's "cognition and speech are so loose and disorganized, that the content is frequently illogical. . . . [H]is reading ability is very poor. . . . [H]e rarely talks, and when he does, it is frequently illogical." (Id. at 36.) However, a 2010 psychiatric report states that "[c]ertain staff members believe that the patient is malingering, that he is fabricating psychiatric symptoms for secondary gain." (Dkt. No. 36-3 at 43.)

From this record, the court is unable to discern whether petitioner is entitled to equitable tolling of the limitations period under Bills. Thus the court finds it necessary to hold an evidentiary hearing.

Petitioner is reminded that it is petitioner's burden to establish that he is entitled to equitable tolling. Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002). Also, the parties are informed that the only evidence which will be considered by the court concerning whether petitioner is entitled to equitable tolling will be the evidence presented at the evidentiary hearing.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court substitute Greg Lewis as respondent in this action; and

\\\\

2. This matter is set for an evidentiary hearing with respect to whether petitioner is entitled to equitable tolling of the limitations period applicable to this action between January 30, 2008 and November 16, 2009, due to mental illness. The hearing will be held on October 12, 2011 at 10:00 a.m. and in accordance with all of the terms of this order. The court concurrently will issue a writ of habeas corpus ad testificandum for petitioner to appear in person.

Dated: August 18, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
bail0084.mtd